(26 Misc. Rep. 649.)

PIPER v. HERRICK et al.

(City Court of New York, General Term.　March 6, 1899.)

PURCHASE BY AGENT—RATIFICATION—EVIDENCE.

To prove that the purchase of certain theatrical goods by one B., as agent of defendant, was ratified, plaintiff testified he asked defendant if he would pay the bill, who replied he did not think B. had bought the goods to be charged to him; and later, in defendant's presence and without his denial, B. admitted to plaintiff he might have said the goods were to be paid for by defendant, as trustee or representing the owners of the theater.　To a remark of plaintiff that he had sold the goods in good faith, and would hold him, defendant said he thought everything would come out all right.　Defendant was not in the theatrical business, but was a banker.　B. had paid part of the price with a check of the defendant to his order.　*Held*, that this did not amount to a ratification.

Appeal from trial term.

Action by Elwin S. Piper against Jacob H. Herrick and another. There was a judgment for defendants, and plaintiff appeals.　Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Burr & Coombs, for appellant.

Cornelius Fisk, for respondents.

CONLAN, J.　This is an appeal taken from a judgment of the trial term dismissing the complaint and from an order denying a motion for a new trial.　The action was brought to recover the value of certain goods alleged to have been sold to the defendants, and of certain work, labor, and services rendered by the plaintiff to and for the defendants, at their request.　The answer is a general denial.　Upon the trial it appeared that the transactions in question were between the plaintiff and one David H. Bacon, who, it is claimed, was acting with the authority of, and as the agent of, the defendants, in relation to all of the matters for which recovery is sought herein.　It is clear, therefore, that unless this agency be shown, or a subsequent ratification be proven, there can be no recovery in the present action.

The plaintiff's evidence is to the effect that David H. Bacon called upon the plaintiff, and represented himself as the agent of the defendants, with the authority to bind them in the transaction, and ordered certain goods and certain work to be done in relation thereto; the same to be used in certain changes and fittings at the Phœbus Theater, in the borough of Brooklyn.　These occurrences are alleged to have taken place between the 30th day of April and the 17th day of May, 1895.　It also appeared from the trial that no effort was made by the plaintiff to communicate with the defendants directly, with regard to the transaction, until after the delivery of the goods and the completion of all the work ordered by Bacon. The first conversation between the plaintiff and the defendants was, as testified to by the former, on the Monday following May 17, 1895, when he said to Herrick, "Will you pay that bill?" and Herrick replied that he did not think that Bacon had bought those goods to be charged to J. H. Herrick & Co.　At a subsequent conversation,

when Bacon was present, Bacon is alleged by the plaintiff to have said, in the presence and hearing of Herrick, that he (Bacon) might have said that the goods were to be paid for by J. H. Herrick & Co., trustees of the owners of the Phœbus Theater, or that they were to be paid for by J. H. Herrick & Co., representing the owners of the Phœbus Theater; and that Herrick made no denial of Bacon's statement, but that to a remark then made by plaintiff to Herrick, "I have come here to get this thing in good business form; we have sold these goods to J. H. Herrick & Co. in good faith, and hold them responsible for the payment of our bill,"—Herrick then said: "Well, I think everything will come out all right." In a letter subsequently written by the defendants to the plaintiff, dated May 24, 1895, the defendants wholly repudiated the act of Bacon, as follows: "It is proper to add that my firm had no knowledge or information that Mr. Bacon was having any dealings with your firm."

We do not think that the acts of the defendants, as described herein, from the plaintiff's own testimony, amount to a ratification of the contract alleged to have been made by Bacon, acting as their agent. Nor does it appear anywhere in the case that Bacon was authorized to bind the defendants by any other statement than the language employed by Bacon himself, as testified to by the plaintiff. This, clearly, was not sufficient to establish agency. There is no evidence in the case to show that the defendants were engaged in the theatrical business, or in any other business than as bankers and brokers; and whatever may be said concerning the alleged conduct of Bacon, and his authority to bind the defendants, it is clear that the plaintiff ought to have fully posted himself, by calling upon or communicating with the defendants, at any time between the 30th day of April, 1895, and the 17th day of May, 1895, and ascertaining the truth of the whole matter. The mere fact that the plaintiff demanded a part of the consideration upon making the sale, and received in payment a check of the defendants for $100, payable to Bacon's order and by him indorsed, is not of itself ratification by the defendants, nor evidence in any way tending to show that Bacon had any authority to bind them as their agent.

We think the case was properly taken from the jury, and that a dismissal of the complaint was not error which calls for a reversal. Judgment should therefore be affirmed, with costs.

FITZSIMONS, C. J., concurs.